# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2682-20

M.M.,

    Plaintiff-Respondent,

v.

B.M.,

    Defendant-Appellant.

_____

Argued June 9, 2022 – Decided June 27, 2022

Before Judges Haas and Alvarez.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-0854-21.

Elliot S. Solop argued the cause for appellant (Dwyer, Bachman, Newman & Solop, attorneys; Elliot S. Solop, of counsel and on the briefs; Lauren Conway, on the briefs).

Bettina E. Munson argued the cause for respondent (Lomurro, Munson, Comer, Brown & Schottland, LLC, attorneys; Bettina E. Munson, of counsel; Christina Vassiliou Harvey, of counsel and on the brief; Sean M. Wirth, on the brief).

PER CURIAM

Defendant B.M. appeals an April 14, 2021 Prevention of Domestic Violence Act (PDVA)[1] final restraining order (FRO), entered after a four-day bench trial that included several witnesses. On May 10, 2021, the judge awarded plaintiff M.M. $36,705 in counsel fees. Defendant appeals both orders. We affirm based on Judge Stacey D. Adams's thorough, detailed, and well-reasoned opinion.

The judge found plaintiff credible and defendant incredible. The record amply supports those conclusions. Based on her credibility rulings and findings of fact, the judge concluded defendant committed three predicate acts: aggravated assault, N.J.S.A. 2C:12-1(b)(1), harassment, N.J.S.A. 2C:33-4, and stalking, N.J.S.A. 2C:12-10. See N.J.S.A. 2C:25-29(a); N.J.S.A. 2C:25-19(a). She also found that an order of protection was needed to shield plaintiff from immediate danger and prevent further abuse. See Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006).

After reviewing plaintiff's counsel's affidavit of service, the judge reduced the requested fee award by $3,080.50. She did not consider the total award

---

[1] N.J.S.A. 2C:25-17 to -35.

A-2682-20

excessive in light of the considerable effort involved in preparing and trying the matter.

On appeal, defendant raises the following points:

POINT I

THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT COMMITTED ACTS OF DOMESTIC VIOLENCE WHICH WERE NOT SUPPORTED BY ADEQUATE, SUBSTANTIAL OR CREDIBLE EVIDENCE.

A. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE DEFENDANT COMMITTED THE PREDICATE ACT OF ASSAULT.

B. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE DEFENDANT COMMITTED THE PREDICATE ACT OF HARASSMENT.

C. THE TRIAL COURT IMPROPERLY DETERMINED THAT THE DEFENDANT COMMITTED THE PREDICATE ACT OF STALKING.

POINT II

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A FINAL RESTRAINING ORDER WAS NECESSARY TO PROTECT THE PLAINTIFF FROM FURTHER ABUSE.

3

THE TRIAL COURT'S AWARD OF COUNSEL FEES
IS EXCESSIVE.

We consider these points to be so lacking in merit as to not warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We add only that the judge's factual findings were solidly anchored in her credibility evaluations. For example, she credited plaintiff's version of the triggering event over defendant's. Plaintiff claimed defendant threw her down a wooden flight of stairs while she was wrapped only in a towel after showering. When she landed at the bottom, she claimed defendant began to grab at her head; she feared he was trying to break her neck. Defendant, on the other hand, testified that plaintiff tripped over a dog, and that he was merely trying to help her up when he found her fallen at the bottom of the stairs.

When plaintiff yelled for somebody to call 9-1-1, the parties' son came out of his room and asked his father what to do. Defendant gave no response, and the son went back to bed. But his appearance had interrupted defendant.

Plaintiff then ran out of her house—wearing only a towel despite the January cold—and sought help from an unfamiliar neighbor. Police were called, and plaintiff was taken by ambulance to receive medical attention.

Defendant's trial testimony conflicted with his initial statement to police suggesting plaintiff must have slipped on the floor. Indeed, the entire family's apparent indifference to plaintiff's flight from the home bespoke something more malevolent than an innocent fall. No one came out of the house to check on plaintiff. No one asked why an ambulance came to a neighbor's home shortly after her departure.

Similarly, defendant's explanations of his stalking behavior toward plaintiff made no sense. He claims he installed a tracking device on plaintiff's vehicle out of concern that she had an old license plate on her car. It is painfully obvious the two things are not connected.

The judge also found defendant harassed plaintiff by subjecting her to "offensive touching" during the incident. See N.J.S.A. 2:33-4(b). She acknowledged defendant's harassment "could probably be established in many ways[.]" The record is replete with evidence defendant threatened plaintiff, hurled slurs at her, and reacted aggressively when he saw her with other men. The record supports the judge's finding that predicate acts occurred, and that plaintiff required protection.

Insofar as the counsel fee award, the judge thoroughly reviewed the affidavit of services and even reduced the requested amount. Defendant on

5

appeal contends the order should be vacated because there was no basis for the issuance of a domestic violence restraining order. That argument is moot. Defendant does not otherwise challenge the amount.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6